UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

John A. Miller, ) C/A No. 2:09-2009-JFA-RSC
a.k.a. John Alan Miller, )
)
      Plaintiff, )
)
vs. )
)
South Carolina Dept. Of Corr.; )
Kershaw Corr. Inst.; )
Patricia Cook; and ) Report and
Darren Seward, ) Recommendation
co-conspirators, )
)
      Defendants. )

The Plaintiff, John A. Miller (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution (KCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC, KCI, and employees thereof as Defendants.[2] Plaintiff claims that the Defendants are responsible for confiscating Plaintiff's legal materials. Plaintiff seeks monetary damages, as well as injunctive relief.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner,* 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams,* 490 U.S. 319 (1989); *Allison v. Kyle,* 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states verbatim:

> On 7-22-09 I was trying to obtain copies of another inmates case I was helping him with, and copies of my own material. Ms. Cook came to me very angry and told me that I was not supposed to have another inmates material. The next day I was called to Major Darren Sewards office and was charged. My legal materials were confiscated and not returned. . . . Ms. Cook had lied in the police report and charged me with stealing. . . . [M]y documents are illegally seized without legitimate cause and due process of the law. These actions are unconstitutional and supported by Darren Seward's actions and S.C.D.C. Policy.

*See* Plaintiff's Complaint, page 3.

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named one Defendant, Kershaw Correctional Instituion (KCI), which is not amenable to suit under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail

is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). KCI is a facility used to house state prisoners. As KCI is not a "person" subject to suit under § 1983, this Defendant is entitled to summary dismissal from the present action.

Next, Plaintiff sues a Defendant, South Carolina Department of Corrections (SCDC), which is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of*

the University of California v. Doe, 519 U.S. 425, 429 (1997). As a state agency, SCDC is immune from suit in the instant § 1983 action and is, therefore, entitled to summary dismissal.[3]

Plaintiff names two Defendants, Patricia Cook and Darren Seward, who are amenable to suit under § 1983. However, Plaintiff's case is subject to summary dismissal, because Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act's (PLRA) exhaustion requirement provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In the instant case, Plaintiff's complaint clearly states that he has not filed an administrative grievance concerning the claims he is attempting to raise in this civil action. See Plaintiff's Complaint, page 2). Further, it is noted that Plaintiff's legal documents were allegedly confiscated on July 22, 2009. Plaintiff's complaint was signed on July 23, 2009. Thus, even had Plaintiff

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. See South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity).

filed an administrative grievance, the SCDC grievance process would still be ongoing.[4]

Lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007)(holding that failure to exhaust is an affirmative defense). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). In the present action, it is readily apparent from the face of Plaintiff's complaint that he has not even

---

[4] From the filing of a Step 1 grievance, the SCDC grievance process may take up to one hundred and fourteen (114) days to complete:

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

*See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

attempted to utilize the administrative grievance process. Therefore, Plaintiff's action is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

                                                            */s/ Robert S. Carr*
                                                            Robert S. Carr
                                                            United States Magistrate Judge

August   *13*  , 2009
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).