UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John A. Miller, aka John Alan Miller, | ) | C/A No. 2:09-2009-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; Kershaw Correctional Institution; Patricia Cook; and Darren Seward, co-conspirators, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John Allan Miller, is an inmate with the South Carolina Department of Corrections (SCDC). Proceeding *pro se*, Miller brings this action pursuant to 42 U.S.C. Section 1983 contending that the defendants have confiscated his legal materials. He seeks monetary damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the plaintiff's complaint should be summarily dismissed. Specifically, the Magistrate Judge suggests that the agency defendant SCDC is protected by Eleventh Amendment immunity. As to defendant Kershaw County Correctional Institution (KCDC), the Magistrate Judge correctly opines that KCDC is not a "person" for purposes

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

of being subject to suit under § 1983.

The Magistrate Judge further opines that the two individual defendants, Patricia Cook and Darren Seward, are amenable to suit under § 1983. However, because plaintiff has not exhausted his administrative remedies, this court should summarily dismiss the complaint without prejudice.

The plaintiff filed objections to the Report which this court has carefully reviewed and finds them to be without merit. In his response, the plaintiff quotes extensively from authorities regarding the right to bring a § 1983 claim and legal doctrines such as imminent domain and the like. Nowhere in the objection memorandum, however, does there appear any response to the Magistrate Judge's suggestion that available administrative remedies have not been exhausted as required by federal law. For the foregoing reasons, the objections are overruled.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

August 31, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge